## MRS. S. A. EVANS V. THE STATE.

No. 11632.   Delivered May 16, 1928.

**1.—Aggravated Assault—Evidence—Of Motive—Rule Stated.**

Where, on a trial for an aggravated assault, evidence was admitted of illicit relations between the husband of appellant and prosecuting witness to show motive. There can be no doubt that an extraneous offense, like adultery, is admissible to show motive when there is a logical and direct connection between such offense, and a subsequent offense for which the accused is on trial. Illicit relations are admissible to show motive, when coming within the above rule. See Underhill's Crim. Ev., par. 503; Davis v. State, 54 Tex. Crim. Rep. 236, and Branch's P. C., Sec. 1882.

**2.—Same—Continued.**

There must, however, be more than a mere theory to support the admissibility of such evidence. The record must show a direct connection between such relations as motive and the subsequent assault. See Walker v. State, 44 Tex. Crim. Rep. 569; Goebel v. State, 45 Tex. Crim. Rep. 415, and Branch's P. C., p. 1046.

**3.—Same—New Trial—Newly Discovered Evidence—Properly Refused.**

Where a motion for a new trial on the ground of newly discovered evidence is supported by the affidavit of the newly discovered witness denying that he would testify to facts claimed by appellant, such motion was properly overruled.

Appeal from the County Court at Law of Cameron County. Tried below before the Hon. John I. Kleiber, Judge.

Appeal from a conviction for an aggravated assault, penalty four months in the county jail.

The opinion states the case.

*Graham & Graham* of Brownsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense aggravated assault, punishment four months in the county jail.

Appellant was indicted for aggravated assault upon one Mrs. J. M. Ball, alleged to have been committed with a pistol. The unfortunate occurrence in which appellant shot prosecuting witness, Mrs. J. M. Ball, with a pistol appears to have grown out of the belief on the part of prosecuting witness that her husband and appellant were guilty of improper conduct with each other. The trouble had been brewing for some time. The facts immediately surrounding the shooting show that prosecuting witness approached appellant at a garage where she was having her car repaired and there asked her to leave her husband alone. According to prosecuting witness they went together and began to fight, pulling each other's hair. During the fight a shot was fired by appellant, wounding prosecuting witness. The evidence of appellant shows clearly that she acted in self-defense. Prosecuting witness was not certain who struck the first blow. It is made certain, however, that the difficulty was brought about by prosecuting witness accosting appellant. The state went into great detail in proving circumstances occurring between appellant and the husband of prosecuting witness prior to the shooting, which it is claimed showed that they were guilty of adultery. In fact a careful reading of the statement of facts without reading the transcript would leave one in doubt as to whether the trial was on an adultery charge or on an aggravated assault charge. Not only were circumstances introduced claimed by the state to show undue intimacy, but rumors and hearsay statements were likewise introduced.

One of these in particular is shown by bill of exception No. 6 and relates to a conversation alleged to have occurred between the husband of prosecuting witness and one J. L. Ball. J. L. Ball was supposed to have seen the husband of prosecuting witness come out of the Evans home at night. He accosted him and a conversation ensued between them, which in effect amounted to a threat against the life of J. L. Ball by the husband of

prosecuting witness. This was in the absence of appellant and was clearly hearsay. The bill is qualified by the court with the statement that it was introduced to show motive. There is also a suggestion that it was admitted "because appellant's counsel cross-examined said witness, J. L. Ball, at length, as to said occurrence." By reference to the statement of facts it affirmatively appears that such testimony was introduced before any cross-examination ever occurred. Its inadmissibility to show motive is too apparent to require discussion.

Many other conversations and circumstances alleged by appellant to be of a similar nature are shown by other bills of exception, many of such appearing in one bill. These other matters are probably insufficiently presented for review and we will content ourselves merely with the discussion of general principles which govern the admission of such testimony.

There can be no doubt that an extraneous offense like adultery is admissible to show motive where there is a logical and direct connection between such offense and a subsequent offense on which the accused is tried. Illicit relations are admissible to show motive when coming within the above rule. Underhill's Crim. Ev., par. 503; Davis v. State, 54 Tex. Crim. Rep. 236; Branch's P. C., Sec. 1882. There must, however, be more than a mere theory to support the admissibility of such evidence. The record must show a direct connection between such relations as motive and the subsequent assault. Walker v. State, 44 Tex. Crim. Rep. 569; Goebel v. State, 45 Tex. Crim. Rep. 415; Branch's P. C., p. 1046. We do not feel called upon in the state of this record to sift out of the mass of circumstances and declarations introduced in evidence those which were inadmissible, but what has been said before ought to indicate to the trial court the rules which will guide him in a future trial of this case.

We note that amongst the hearsay declarations introduced was one made by the prosecuting witness to the husband of appellant to the effect that someone told her that he had seen certain improper conduct between appellant and the husband of prosecuting witness. Pressed for an answer as to who told her such, she said that a Mexican by the name of Lupe who had formerly worked for appellant had told her and said that she had been trying to find this Mexican and wished that he could be found. After the trial appellant found this witness and appended to her motion for new trial, alleging it to be newly discovered evidence, the affidavit of the witness, which shows in substance that at no time or place had he ever told prosecuting

witness that he had ever seen anything improper between her husband and the appellant, nor had he in fact ever seen such a thing. Other affidavits expressly contradicting many of the statements of prosecuting witness on the trial were attached to the motion for a new trial and set up as newly discovered evidence. These present a serious question of error, but in view of the disposition we make of the case, we do not deem it necessary to expressly pass upon the same as they will not occur on another trial. For the same reason other alleged errors are not discussed.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.